In the Matter of Disciplinary Proceedings Against
Michelle L. Danielson, Attorney at Law:

Office of Lawyer Regulation,
Complainant,

v.

Michelle L. Danielson,
Respondent.

Supreme Court

*No. 2005AP1903–D. Decided April 28, 2006.*

2006 WI 33

(Also reported in 712 N.W.2d 671.)

¶ 1. PER CURIAM.   We review the recommendation of the referee that Attorney Michelle L. Danielson's license to practice law in Wisconsin be suspended for six months for professional misconduct. The misconduct consists of failing to fulfill her obligations with respect to acting with reasonable diligence and promptness in representing a client, keeping the client reasonably informed of the status of his matter, promptly complying with client requests for information, taking steps to the extent reasonably practical to

protect a client's interests upon termination of representation, responding to the Office of Lawyer Regulation (OLR), and filing a post-suspension affidavit with the OLR within 25 days of suspension. The referee also recommended that Attorney Danielson be required to refund a $500 retainer and to pay the costs of this proceeding. The OLR has reported costs of $2717.52 as of February 6, 2006.

¶ 2.   We determine that the seriousness of Attorney Danielson's professional misconduct warrants a suspension of her license to practice law for six months. Attorney Danielson was admitted to practice law in Wisconsin in 1996. She has not been previously disciplined, although on November 1, 2004, Attorney Danielson was suspended by the Wisconsin Supreme Court for nonpayment of mandatory bar dues.

¶ 3.   On January 11, 2005, Attorney Danielson received a temporary suspension order from the Wisconsin Supreme Court for her failure to cooperate with the OLR and her failure to respond to an order to show cause. Attorney Danielson did not notify her client of either suspension and Attorney Danielson did not comply with duties following suspension or revocation as detailed in SCR 22.26.

¶ 4.   In October 2002 a client, J.B., retained Attorney Danielson as counsel in an insurance dispute. A written retainer agreement was signed and Attorney Danielson accepted a $500 retainer. Attorney Danielson did not provide legal services and in the fall of 2003 the client was advised that Attorney Danielson's phone had been disconnected. All letters the client sent to Attorney Danielson were not returned, nor were they responded to by Attorney Danielson. In August 2004 the client filed a grievance with the OLR

14

against Attorney Danielson. Attorney Danielson did not respond to the OLR's correspondence.

¶ 5. The OLR filed a six-count complaint alleging professional misconduct. Dennis J. Flynn was appointed referee. Attorney Danielson did not file an answer to the complaint and did not otherwise appear in this disciplinary proceeding. At the December 27, 2005, hearing on the OLR's motion for default judgment, the referee found Attorney Danielson in default.

¶ 6. The referee concluded that by failing to advance her client's interests in pursuit of his insurance claim and by failing to do any discernible work in the matter, Attorney Danielson failed to "act with reasonable diligence and promptness in representing a client," contrary to SCR 20:1.3. As a second count, the referee concluded that by failing to communicate with the client about the status of his matter and by failing to respond to his telephone and written inquiries, Attorney Danielson failed to "keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information," contrary to SCR 20:1.4(a). In a third count, the referee found that by failing to refund the client's $500 retainer when she performed no services for him, Attorney Danielson failed to "take steps to the extent reasonably practicable to protect a client's interests" upon termination of representation, contrary to SCR 20:1.16(d). The referee further found that with respect to the fourth count, by failing to provide a written response to the OLR concerning the client's grievance and by willfully failing to provide relevant information to the OLR or to fully answer the OLR's questions during the course of the investigation of the grievance, Attorney Danielson violated supreme court rules regarding a

15

lawyer's conduct, contrary to SCR 22.03(2) and (6),[1] pursuant to SCR 20:8.4(f).[2]

¶ 7. The referee further concluded that by failing to notify the client by certified mail of her two suspensions and by failing to notify the client to seek legal advice elsewhere, Attorney Danielson violated supreme court rules regarding a lawyer's conduct, contrary to SCR 22.26(1)(a) and (b),[3] pursuant to SCR 20:8.4(f). Additionally, by failing to file a SCR 22.26(1)(e) post-

---

[1] SCR 22.03(2) and (6) state:    Investigation.

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[2] SCR 20:8.4(f) states that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[3] SCR 22.26(1) states in relevant part:    Activities following suspension or revocation.

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the

suspension affidavit with the OLR within 25 days of her suspension, the referee concluded Attorney Danielson violated SCR 22.26(1)(e),[4] pursuant to SCR 20:8.4(f).

¶ 8.   The referee's fact findings will not be set aside unless clearly erroneous. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. We review conclusions of law de novo. *Id.* We consider the referee's recommendation as to appropriate discipline, but do not accord it conclusive or great weight. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. It is this court's responsibility to determine appropriate discipline and in making that determination, this court may impose discipline more or less severe than recommended.

---

attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

[4] SCR 22.26(1)(e) states: Activities following suspension or revocation.

(e) Within 25 days after the effective date of suspension or revocation, file with the director an affidavit showing all of the following:

(i) Full compliance with the provisions of the suspension or revocation order and with the rules and procedures regarding the closing of the attorney's practice.

(ii) A list of all jurisdictions, including state, federal and administrative bodies, before which the attorney is admitted to practice.

(iii) A list of clients in all pending matters and a list of all matters pending before any court or administrative agency, together with the case number of each matter.

¶ 9.    We adopt the findings of fact and conclusions of law set forth in the referee's report. We conclude that the seriousness of Attorney Danielson's misconduct as established in this proceeding warrants a suspension of her license to practice law for a period of six months. We agree with the referee's recommendation that restitution, costs, and eight hours of ethics education should be required.

¶ 10.    We further conclude that under the circumstances of this case, Attorney Danielson's suspension should date from January 11, 2005.

¶ 11.    IT IS ORDERED that the license of Michelle L. Danielson to practice law in Wisconsin is suspended for a period of six months, effective January 11, 2005.

¶ 12.    IT IS FURTHER ORDERED that Attorney Michelle L. Danielson comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 13.    IT IS FURTHER ORDERED that Attorney Michelle L. Danielson refund, within 60 days of the date of this order, the $500 retainer paid by her client, J.B. If this refund is not paid within the specified time, the license of Attorney Danielson to practice law in Wisconsin shall remain suspended until further order of this court.

¶ 14.    IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Michelle L. Danielson shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Attorney Danielson to practice law in Wisconsin shall remain suspended until further order of this court.

¶ 15.  IT IS FURTHER ORDERED that Attorney Danielson shall complete eight hours of ethics courses approved by the Wisconsin Board of Bar Examiners as a condition of her reinstatement. If the course work is not completed, the license of Attorney Danielson to practice law in Wisconsin shall remain suspended until further order of this court.