In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Richard A. ENGELBRECHT, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Richard A. ENGELBRECHT, Respondent.

Supreme Court of Wisconsin

*No. 2006AP1045–D. Decided January 5, 2007.*

2007 WI 2

(Also reported in 725 N.W.2d 630.)

¶ 1. PER CURIAM.  We review the stipulation filed by Attorney Richard A. Engelbrecht and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12, in which Attorney Engelbrecht admits the facts and misconduct alleged by the OLR and agrees to the discipline the OLR seeks. The parties agree that the appropriate discipline is a six-month suspension of Attorney Engelbrecht's license to practice law and to condition

his reinstatement on furnishing to the OLR all trust account records not previously provided from January 2001 through December 2005, along with other financial information detailed in the stipulation.

¶ 2. We approve the stipulation and adopt the stipulated facts and conclusions of law. We agree that the seriousness of Attorney Engelbrecht's misconduct warrants the suspension of his license to practice law. We accept the parties' stipulation that a six-month suspension is appropriate and their agreement to condition Attorney Engelbrecht's reinstatement on furnishing to the OLR the trust account records not previously provided.

¶ 3. Attorney Engelbrecht was admitted to practice law in 1974 and practices in Green Bay. He has been subject to disciplinary proceedings on two previous occasions; a private reprimand in 1989 and a 60–day suspension of his license in 2000. The parties stipulate that Attorney Engelbrecht's current misconduct involves two client matters. In the first matter, client B.M. retained Attorney Engelbrecht in May 2002 to represent her in a divorce action and to file a joint bankruptcy action for her and her husband prior to the conclusion of the divorce. For the bankruptcy, B.M. paid Attorney Engelbrecht $840, with $200 representing the filing fee and the balance representing Attorney Engelbrecht's legal fees.

¶ 4. Attorney Engelbrecht filed the divorce petition in August 2002 but did not file a bankruptcy petition for the next one and one-half years. Although the parties reconciled for a period of time, their divorce action resumed in October 2003 with the final judgment entered in January 2004. During the resumption of divorce proceedings, Attorney Engelbrecht requested B.M.'s husband to pay a $200 filing fee and a $600 legal

fee for a joint bankruptcy petition. Attorney Engelbrecht did not mention B.M. had already paid him $840. The husband did not pay. Attorney Engelbrecht did not file the joint bankruptcy petition nor pursue an individual bankruptcy action for B.M. Upon her inquiry, Attorney Engelbrecht told her she had not paid him.

¶ 5. In the spring of 2004, B.M. found her receipts for the cash payments she had paid Attorney Engelbrecht. At that point he agreed to proceed with the bankruptcy action. However, in June 2004 the bankruptcy petition had not yet been filed, and a creditor of B.M. obtained a small claims judgment against her.

¶ 6. In July 2004 B.M. filed a grievance. It was not until September 2004 that Attorney Engelbrecht finally filed the bankruptcy action for B.M. Attorney Engelbrecht had not retained in his trust account the funds to cover the filing fee that he received from B.M. over two years earlier. He purchased a cashier's check to cover the bankruptcy filing fee.

¶ 7. In an October 2004 letter, Attorney Engelbrecht provided evasive and untrue information to the OLR regarding the divorce and bankruptcy matters.

██

¶ 8. Attorney Engelbrecht stipulates to three counts of misconduct arising out of his representation of B.M. Count One states that by failing to deposit and hold in his trust account the $200 bankruptcy filing fee that B.M. paid, Attorney Engelbrecht violated former SCR 20:1.15(a),[1] which is the current SCR 20:1.15(b)(1)

---

[1] Former SCR 20:1.15 applied to misconduct committed prior to July 1, 2004. It provided in pertinent part:

> (a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or

(effective July 1, 2004). Count Two states that by failing to file a bankruptcy action for more than two years, Attorney Engelbrecht failed to act with reasonable diligence and promptness, contrary to SCR 20:1.3.[2] Count Three states that by failing to fully respond and by making misrepresentations to the OLR during its investigation, Attorney Engelbrecht violated SCR 22.03(6).[3]

¶ 9.   The second client matter involves client M.B. In 2001 M.B. retained Attorney Engelbrecht to file a divorce action and M.B. paid him $600. M.B. claimed he paid an additional $600 to file a bankruptcy petition, but Attorney Engelbrecht denied receiving this payment.

¶ 10.   Attorney Engelbrecht never filed either a divorce or bankruptcy petition. He originally told the OLR that he drafted the divorce petition in 2001 but did not file it because M.B. could not provide an address for his wife. Attorney Engelbrecht gave the OLR conflict-

when acting in a fiduciary capacity. Funds held in connection with a representation or in a fiduciary capacity include funds held as trustee, agent, guardian, personal representative of an estate, or otherwise. All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided . . . maintained in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. . . .

[2] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[3] SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

ing information about his efforts to locate her. Public court records confirmed that M.B.'s wife was in the Green Bay area and her address was available during this time.

■

¶ 11. In December 2003 Attorney Engelbrecht prepared a divorce petition and at Attorney Engelbrecht's request, M.B. paid a $125 check to cover the cost of serving his wife by publication. In July 2004, when M.B. filed a grievance against Attorney Engelbrecht, he still had not commenced the divorce action. After being notified of the grievance, Attorney Engelbrecht returned M.B.'s $600 fee and the uncashed $125 check.

¶ 12. The OLR made repeated requests for copies of Attorney Engelbrecht's 2001 receipt books to establish whether he had received the bankruptcy fee that M.B. alleged he had paid. Attorney Engelbrecht did not comply. In addition, Attorney Engelbrecht did not produce any records for investigators. When asked what account he had used to deposit B.M.'s and M.B.'s advance fees and cost payments, Attorney Engelbrecht represented he did not have a trust account. However, further investigation revealed evidence to the contrary.

¶ 13. The OLR made multiple requests to Attorney Engelbrecht for his trust account records. His responses were incomplete and his statements were inconsistent with previous representations.

¶ 14. Attorney Engelbrecht stipulates to an additional four counts of misconduct arising out of his representation of M.B. Count Four states that by failing to file a divorce action for M.B. for approximately three years Attorney Engelbrecht failed to act with reasonable diligence, contrary to SCR 20:1.3. Count Five

states that Attorney Engelbrecht failed to keep records regarding transactions in his client trust account, contrary to current SCR 20:1.15(e) and (f).[4] Count Six states that by failing to provide requested records, and

[4] SCR 20:1.15(e) and (f) provide detailed requirements for maintaining a lawyer trust account. In relevant part:

(e) Operational requirements for trust accounts.

(1) . . . Each trust account shall be maintained in a financial institution that is authorized by federal or state law to do business in Wisconsin and that is located in Wisconsin or has a branch office located in Wisconsin, and which agrees to comply with the overdraft notice requirements . . . .

. . . .

(6) Record retention. A lawyer shall maintain complete records of trust account funds and other trust property and shall preserve those records for at least 6 years after the date of termination of the representation.

. . . .

(8) . . . Each lawyer who receives trust funds shall maintain at least one demand account, other than the trust account, for funds received and disbursed other than in the lawyer's trust capacity, which shall be entitled "Business Account," "Office Account," "Operating Account," or words of similar import.

(f) Record-keeping requirements for trust accounts.

(1) . . .Complete records of a trust account that is a demand account shall include a transaction register; individual client ledgers; a ledger for account fees and charges, if law firm funds are held in the account pursuant to sub. (b)(3); deposit records, disbursement records; monthly statements; and reconciliation reports . . . .

. . . .

(2) . . .Complete records of a trust account that is a non-demand account shall include all of the following:

a. all monthly or other periodic statements provided by the financial institution to the lawyer or law firm; and

329

by giving conflicting answers and making misrepresentations, Attorney Engelbrecht failed to provide relevant information and answer questions fully, or furnish documents, contrary to SCR 22.03(6). Count Seven alleges that Attorney Engelbrecht failed to submit full trust account records to the OLR for its inspection, audit and use, contrary to current SCR 20:1.15(e)(7).[5]

¶ 15. Attorney Engelbrecht stipulates that he fully understands the misconduct allegations and the ramifications should the court impose the stipulated level of discipline. He also represents that he under-

---

b. all transaction records, including passbooks, records of electronic fund transactions, duplicates of any instrument issued by the financial institution from funds held in the account, duplicate deposit slips identifying the source of any deposit, and duplicate withdrawal slips identifying the purpose of any withdrawal.

(3) . . .A lawyer who receives trust property other than funds shall maintain a property ledger that identifies the property, date of receipt, owner, client or matter, and location of the property. The ledger shall also identify the disposition of all of the trust property received by the lawyer.

. . . .

(4) . . .A lawyer who maintains trust account records by computer shall maintain the transaction register, client ledgers, and reconciliation reports in a form that can be reproduced to printed hard copy.

[5] SCR 20:1.15(e)(7) provides:

(7) Production of records. All trust account records have public aspects related to a lawyer's fitness to practice. Upon request of the office of lawyer regulation, or upon direction of the supreme court, the records shall be submitted to the office of lawyer regulation for its inspection, audit, use, and evidence under any conditions to protect the privilege of clients that the court may provide. The records, or an audit of the records, shall be produced at any disciplinary proceeding involving the lawyer, whenever material. Failure to produce the records constitutes unprofessional conduct and grounds for disciplinary action.

stands his right to contest this matter, his right to consult with counsel and that his stipulation is made knowingly and voluntarily. He further represents that he admits all misconduct alleged in the stipulation and agrees to the level and type of discipline sought by the OLR, including the reinstatement condition. He is aware that the imposition of a six-month suspension of his law license results in his suspension until and unless he pursues successfully his petition for reinstatement pursuant to SCR 22.29 through 22.33.

■

¶ 16. Attorney Engelbrecht specifically agrees to a six-month license suspension as well as to the conditions for reinstatement. The conditions are that he furnish to the OLR all trust account records not previously provided from January 2001 through December 2005, including monthly bank statements, cancelled checks, deposit slips, check stubs, registers, journals, and ledgers used to record transactions in his client trust account. He understands that should he be unable to provide this information he will furnish to the OLR a sworn statement detailing what records were maintained, what efforts were taken to locate them or obtain them from his bank, and why he would be unable to produce them.

¶ 17. We adopt the findings of fact and conclusions of law to which the parties have stipulated concerning Attorney Engelbrecht's professional misconduct. We determine that the seriousness of the misconduct warrants the stipulated six-month license suspension and the agreed upon conditions of reinstatement. In response to this court's order to show cause, the OLR is not seeking restitution at this time.

¶ 18.    IT IS ORDERED the license of Richard A. Engelbrecht to practice law in Wisconsin is suspended for six months, effective the date of this order.

¶ 19.    IT IS FURTHER ORDERED that reinstatement of Richard A. Engelbrecht's license to practice law is conditioned on him providing to the OLR all trust account records not previously provided from January 2001 through December 2005, including financial records described in the stipulation.

¶ 20.    IT IS FURTHER ORDERED that Richard A. Engelbrecht comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.