In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Richard A. ENGELBRECHT, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Richard A. ENGELBRECHT, Respondent.

Supreme Court

*No. 2007AP2597–D. Decided April 8, 2008.*

2008 WI 29

(Also reported in 746 N.W.2d 805.)

548

¶ 1. PER CURIAM. We review the stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Richard A. Engelbrecht concerning misconduct charged in a six-count disciplinary complaint. The misconduct involves Attorney Engelbrecht's lack of diligence, misrepresentation and other violations. The parties have stipulated that the appropriate discipline is a two-year suspension of Attorney Engelbrecht's license to practice law in Wisconsin, together with restitution of $1,000.

¶ 2. Pursuant to SCR 22.12(2), we approve the stipulation and adopt the stipulated facts and conclusions of law. We agree that Attorney Engelbrecht's disciplinary history and the serious nature of his misconduct warrants the suspension of his license to practice law for a term of two years, along with the imposition of $1,000 in restitution.

¶ 3. Attorney Engelbrecht was admitted to practice law in June of 1974 and most recently practiced in Green Bay. His disciplinary history includes: (1) a 1989 consensual private reprimand related to neglect,

misrepresentations to his clients and the Board of Attorneys Professional Responsibility (BAPR), and the failure to keep his clients reasonably informed; (2) a 60–day license suspension in December 2000 for practicing law while his license had been administratively suspended for noncompliance with continuing legal education requirements, misrepresentation on his reinstatement petition, and the failure to cooperate with the BAPR in an investigation; and (3) trust account violations, lack of diligence, and the failure to provide full information during an investigation, resulting in a six-month license suspension in January 2007.[1] His law license remains under suspension.

¶ 4. The misconduct charged here involves Attorney Engelbrecht's representation of E.M. After consulting with Attorney Engelbrecht about filing an equal rights complaint alleging discrimination by a former employer, E.M. filed a pro se complaint with the Equal Employment Opportunity Commission. In May 2005 the pro se claim was dismissed. The dismissal notice informed E.M. that he had the right to file a civil action against his former employer within 90 days or lose his right to do so.

¶ 5. In August 2005 E.M. met with Attorney Engelbrecht again and hired him to file the suit against E.M.'s former employer. E.M. paid Attorney Engelbrecht $500. Attorney Engelbrecht filed the summons and complaint on behalf of E.M. in Brown County circuit court. E.M. made two additional payments to Attorney Engelbrecht amounting to $500.

---

[1] *See In re Disciplinary Proceedings Against Engelbrecht,* 2000 WI 120, 239 Wis. 2d 236, 618 N.W.2d 743, and *In re Disciplinary Proceedings Against Engelbrecht,* 2007 WI 2, 298 Wis. 2d 323, 725 N.W.2d 630.

¶ 6. Attorney Engelbrecht failed, however, to arrange for service of the complaint. On January 24, 2006, Attorney Engelbrecht informed E.M. that the summons and complaint were never served, and asserted it was E.M.'s responsibility to obtain service. E.M. objected, indicating he would have no idea how to obtain service.

¶ 7. The case was scheduled for a status conference the following day. Attorney Engelbrecht and E.M. arrived at the courthouse together before it opened. After the doors opened, Attorney Engelbrecht went to the judge's chambers alone. When he returned, Attorney Engelbrecht advised E.M. that the action had been dismissed but that Attorney Engelbrecht would refile it. On February 14, 2006, the circuit court issued a written order dismissing E.M.'s action without prejudice.

¶ 8. Attorney Engelbrecht did not inform E.M. of any deadline. In March 2006 E.M. inquired in a letter to Attorney Engelbrecht why he had not yet refiled the complaint. Attorney Engelbrecht did not respond.

¶ 9. E.M. thereafter filed a grievance with the OLR. In a response to the OLR, Attorney Engelbrecht enclosed a fabricated letter he claimed he had sent E.M. The letter indicated that E.M. had the responsibility to serve a copy of the authenticated summons and complaint on his former employer by a specified date. The letter also indicated that Attorney Engelbrecht "respect[ed] your decision to pursue the adverse decision from the office of the EEOC on your own and wish you well in your efforts." Attorney Engelbrecht failed to cooperate with the efforts of the investigative committee.

¶ 10. Subsequently, the OLR filed a six-count disciplinary complaint against Attorney Engelbrecht. Count one charges that by failing to obtain service of a

summons and complaint on behalf of E.M., resulting in the dismissal of the employment discrimination suit, Attorney Engelbrecht violated former SCR 20:1.3, requiring an attorney to "act with reasonable diligence and promptness in representing a client."[2] Count two states by failing to inform E.M. that he did not obtain service, by failing to notify E.M. in a timely fashion that Attorney Engelbrecht would not refile the complaint, and by failing to respond to E.M.'s March 2006 letter, Attorney Engelbrecht violated SCR 20:1.4(a), which requires a lawyer to keep his client "reasonably informed about the status of a matter and promptly comply with [the client's] reasonable requests for information."

¶ 11. Count three charges that by failing to return to E.M. the $1,000 in fees and costs after Attorney Engelbrecht's failure to pursue the lawsuit resulted in dismissal, Attorney Engelbrecht violated SCR 20:1.16(d),[3] which requires a lawyer, upon termination

---

[2] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. See S. Ct. Order 04–07, 2007 WI 4, 293 Wis. 2d xv, 726 N.W.2d Ct.R-45 (eff. July 1, 2007); and S. Ct. Order 06–04, 2007 WI 48, 297 Wis. 2d xv, 730 N.W.2d Ct.R.-29 (eff. July 1, 2007). Because the conduct underlying this case arose prior to July 1, 2007, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2007.

[3] Former SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

of representation, to take reasonable steps to protect a client's interest. Count four charges by misrepresenting to E.M. that it had been the client's responsibility to obtain service, and by fabricating the purported letter to E.M., Attorney Engelbrecht violated SCR 20:8.4(c), which states that "conduct involving dishonesty, fraud, deceit or misrepresentation" constitutes misconduct.

¶ 12.   Count five states by misrepresenting in his initial written response to the OLR that it was the client, rather than Attorney Engelbrecht, who was responsible for serving the summons and complaint, and by providing the OLR with a fabricated letter, Attorney Engelbrecht violated SCR 22.03(6).[4] This rule states a misrepresentation made during an investigation is misconduct. Count six charges that by failing to cooperate with the OLR's investigative committee, Attorney Engelbrecht violated SCR 22.04(1),[5] which requires a lawyer's cooperation.

¶ 13.   The OLR and Attorney Engelbrecht stipulated to the misconduct charged in counts one through six and agreed the appropriate level of discipline would be a two-year suspension of Attorney Engelbrecht's license to practice law in Wisconsin, along with his payment of $1,000 in restitution to the Wisconsin

---

[4] SCR 22.03(6) provides:   Investigation.

> In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[5] SCR 22.04(1) states, in pertinent part, that "[t]he director may refer a matter to a district committee for assistance in the investigation. A [lawyer] has the duty to cooperate specified in SCR 21.15(4) and 22.03(2) in respect to the district committee. . . ."

Lawyers' Fund for Client Protection, which had approved payment to E.M. in November 2007. Based on Attorney Engelbrecht's stipulation, the OLR does not seek the costs of this disciplinary proceeding.

¶ 14. In the stipulation Attorney Engelbrecht represents that he fully understands the misconduct allegations, the ramifications of the stipulated level of discipline, his right to contest the matter and his right to consult with counsel. He represents he entered into the stipulation knowingly and voluntarily, and that his entry into the stipulation represents his admission of the misconduct charged.

¶ 15. We adopt the stipulated facts and conclusions of law. We conclude the misconduct and Attorney Engelbrecht's disciplinary history warrants the suspension of his license to practice law in Wisconsin for a term of two years, together with $1,000 in restitution to the Wisconsin Lawyers' Fund for Client Protection. In reaching this conclusion, we consider that Attorney Engelbrecht's misconduct involves a number of aggravating factors, including his recent disciplinary history. Attorney Engelbrecht's misconduct is serious because it exhibits dishonest and selfish motives, multiple offenses, failure to cooperate with the disciplinary agency, submitting false evidence and using deceptive practices during a disciplinary process, indifference to making restitution, and harm to clients. Attorney Engelbrecht kept $1,000 of his client's money which he did not earn and attempted to disguise his own culpability. Attorney Engelbrecht failed to respond to several letters and phone calls from the OLR's investigator. In addition, Attorney Engelbrecht misrepresented to the OLR that it was his client who had failed to obtain service. Attorney Engelbrecht submitted a fabricated letter in

554

support of that misrepresentation. We note that Attorney Engelbrecht was cooperative with the OLR during the litigation of this matter, however, and admitted his misconduct and accepted responsibility.

¶ 16. In accepting the parties' stipulated discipline, we consider *In re Disciplinary Proceedings Against Graf,* 2003 WI 122, ¶¶ 2–3, 265 Wis. 2d 376, 667 N.W.2d 340, in which a two-year suspension was imposed based upon Attorney Graf's misrepresentation to his client that he filed a complaint and conducted witness interviews. Attorney Graf compounded his misconduct by practicing law during an administrative and temporary disciplinary suspension and by his misrepresentation that he had not practiced during his suspension. Attorney Graf had been privately reprimanded in 2001 for practicing law under an administrative suspension and noncooperation and, in 2002, his license had again been ordered suspended after his failure to pay the costs of his disciplinary proceeding.

¶ 17. Other cases with similar misconduct involving shorter periods of suspension did not involve attorneys with recent disciplinary histories. For example, in *In re Disciplinary Proceedings Against Danielson,* 2006 WI 33, ¶ 2, 290 Wis. 2d 12, 712 N.W.2d 671, Attorney Danielson's law license was suspended for six months. Her misconduct involved failures to pursue an insurance claim after the client had paid a $500 retainer, to respond to OLR inquiries and to notify her client of her license suspension. Attorney Danielson's case did not involve misrepresentation and did not involve prior discipline.

¶ 18. Also, in *In re Disciplinary Proceedings Against Lister,* 2007 WI 55, 300 Wis. 2d 326, 731 N.W.2d 254, Attorney Lister committed 17 violations, including a false statement to the court, failures to communicate

with clients, a lack of competent and diligent representation, and failure to respond during the OLR's investigation. The evidence showed a disturbing pattern of failing to act diligently on behalf of the client and failing to communicate with his clients about the status of their matters. *Id.*, ¶ 78. Although Attorney Lister had received a prior reprimand for similar conduct, the reprimand occurred over 20 years earlier and was the only discipline imposed during 30 years of practice. *Id.* Attorney Lister's license was suspended for five months; he also was ordered to pay restitution of $12,209 and costs of $10,132.35. *Id.*, ¶ 2.

¶ 19. In light of the seriousness of Attorney Engelbrecht's misconduct and his recent disciplinary history, we conclude that the stipulated two-year suspension of Attorney Engelbrecht's license to practice law, together with restitution of $1,000, is appropriate discipline.

¶ 20. IT IS ORDERED that the license of Richard A. Engelbrecht to practice law in Wisconsin is suspended for a period of two years, effective the date of this order.

¶ 21. IT IS FURTHER ORDERED that to the extent he has not done so, Attorney Engelbrecht comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 22. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Engelbrecht shall pay restitution to the Wisconsin Lawyers' Fund for Client Protection in the sum of $1,000. If restitution is not paid within the time specified and absent a showing to this court of his inability to pay restitution

within that time, the license of Attorney Engelbrecht to practice law in Wisconsin shall remain suspended until further order of this court.