In the Matter of Disciplinary Proceedings Against
Jennelle London Joset, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Jennelle London Joset, Respondent.

Supreme Court

*No. 2007AP150–D. Decided May 16, 2008.*

2008 WI 41

(Also reported in 748 N.W.2d 778.)

5

¶ 1. PER CURIAM. We review a referee's report finding that Attorney Jennelle Joset engaged in professional misconduct with respect to her handling of three client matters. The referee recommended that Attorney Joset's license to practice law in Wisconsin be suspended for six months.

¶ 2. We conclude that the referee's findings of fact are supported by satisfactory and convincing evidence. We further determine that the seriousness of Attorney Joset's misconduct warrants the suspension of her license to practice law for six months. We also agree with the referee's recommendation that Attorney Joset pay the costs of the proceeding, which are $993.89 as of February 18, 2008.

¶ 3. Attorney Joset was admitted to practice law in Wisconsin in 1996 and most recently practiced in Milwaukee. On June 6, 2005, Attorney Joset's law license was suspended for failure to comply with continuing legal education (CLE) reporting requirements. On January 20, 2006, this court temporarily suspended her license based on her failure to cooperate in an Office of Lawyer Regulation (OLR) investigation. Her license remains suspended.

¶ 4. On January 17, 2007, the OLR filed an order to answer and a complaint alleging ten counts of misconduct with respect to Attorney Joset's handling of three client matters. In all of the client matters, Attorney Joset was appointed by the State Public Defender (SPD) to represent defendants in criminal matters.

¶ 5. The first client matter detailed in the OLR's complaint involved Attorney Joset's handling of postconviction matters for I.W., who had been sentenced to prison in February 2003. Attorney Joset was appointed as I.W.'s postconviction counsel on April 17, 2003. Attorney Joset wrote to I.W. and said she would visit with him after she had received the court record and transcripts. I.W. wrote to Attorney Joset on multiple occasions, but she failed to respond. On April 9, 2004, I.W. wrote to Attorney Joset saying that because of her failure to communicate with him, he was going to represent himself. I.W. asked Attorney Joset to send him the transcripts and other documentation in his case.

¶ 6. On May 2, 2004, I.W. wrote to First Assistant SPD Patricia Flood ("Flood") complaining about Attorney Joset's lack of communication and her failure to file an appeal on his behalf. I.W. asked Flood to have new counsel appointed for his appeal or else direct Attorney Joset to deliver her file to him and allow him to proceed

7

pro se. On May 12, 2004, Flood wrote to Attorney Joset asking her to respond to I.W. Attorney Joset failed to respond.

¶ 7. On June 5, 2004, I.W. wrote to SPD Nicholas Chiarkas and complained about Attorney Joset's failure or refusal to communicate with him. On June 18, 2004, I.W. filed a grievance against Attorney Joset with the OLR. On July 7, 2004, Flood again wrote to Attorney Joset saying she had received another complaint from I.W. and asked Attorney Joset to send her complete file to Flood so she could give it to successor counsel.

¶ 8. During the OLR's preliminary investigation of I.W.'s grievance, Attorney Joset provided copies of three letters she purported to have sent to I.W. I.W. never received any correspondence from Attorney Joset, nor did he receive any transcripts or file materials from her. Flood was only able to receive I.W.'s case file from Attorney Joset in August of 2004 when Flood went to Attorney Joset's office to retrieve it.

¶ 9. An OLR District 2 committee investigator had one conversation with Attorney Joset and scheduled a meeting with her, but the meeting was rescheduled and then never took place. Attorney Joset failed to respond to three letters from the OLR investigator.

¶ 10. The OLR's complaint alleged the following counts of misconduct with respect to Attorney Joset's representation of I.W.:

> ▪ By failing to either advance I.W.'s postconviction interests or resolve with him the course that his postconviction matters would take, by never meeting personally with I.W. and failing to show up for several appointments that she had made to meet with him, and by failing to respond to SPD inquiries in the matter, Attorney Joset failed to act with reasonable diligence and

promptness in representing a client, in violation of former SCR 20:1.3.[1]

- By failing to timely communicate with [I.W.] despite his November 25, 2003, January 7, 2004, February 19, 2004, and April 9, 2004 letters, Attorney Joset failed to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a).[2]

- By failing to respond to three letters that were hand-delivered to her home by OLR's District 2 committee investigator and failing to respond to telephone calls made by the investigator, Attorney Joset failed to provide relevant information, to answer questions fully, or to furnish documents, in violation of SCR 22.03(6),[3] actionable through SCR 20:8.4(f).[4]

---

[1] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. *See* S. Ct. Order 04–07, 2007 WI 4, 293 Wis. 2d xv, 726 N.W.2d Ct.R-45 (eff. July 1, 2007); and S. Ct. Order 06–04, 2007 WI 48, 297 Wis. 2d xv, 730 N.W.2d Ct.R.-29 (eff. July 1, 2007). Because the conduct underlying this case arose prior to July 1, 2007, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2007.

Former SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[2] Former SCR 20:1.4(a) states, "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[3] SCR 22.03(6) provides, "In the course of the investigation, the [attorney's] wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the [attorney's] misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[4] Former SCR 20:8.4(f) states it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers, . . . ."

¶ 11. The second client matter detailed in the OLR's complaint involved Attorney Joset's representation of J.R. following his felony conviction in Ozaukee County circuit court. Attorney Joset was appointed as J.R.'s appellate counsel on June 4, 2002. Trial court transcripts were filed from August to November 2002. Between February and June 2003 Attorney Joset requested and received multiple extensions of time from the court of appeals to file a notice of appeal or postconviction motion. Attorney Joset filed a motion for postconviction relief and supporting brief requesting a new trial in Ozaukee County circuit court on July 3, 2003. The circuit court conducted a two-day hearing on the motion and denied it in mid-September 2003.

¶ 12. On December 5, 2003, J.R. wrote to Attorney Joset asking for information about the status of his case. J.R. said although Attorney Joset had told him she was going to file a no-merit report, he wanted her to file an appeal. Attorney Joset failed to respond to J.R.'s letter. J.R. subsequently repeatedly tried to contact Attorney Joset by phone and mail without success.

¶ 13. On February 24, 2004, J.R. filed a pro se motion in the court of appeals called "Motion to Order Counsel to Complete Defendant's Appeal." The motion asserted that Attorney Joset had not sought extensions of time in which to file an appeal nor had she filed a no-merit report, nor had the circuit court permitted her to withdraw as appellate counsel. The motion said J.R. had not heard from Attorney Joset since September of 2003 despite his repeated attempts to contact her, and she had not informed him what she was going to do regarding his appeal.

¶ 14. On February 25, 2004, the court of appeals issued an order requiring Attorney Joset to inform it of the status of the case. Attorney Joset responded by

10

saying she had told J.R. she could not file an appeal that she believed had no merit and that his options were to file a pro se appeal, hire other counsel, permit Attorney Joset to close the case without any further action or instruct her to file a no-merit report.

¶ 15. On April 6, 2004, J.R. filed a pro se motion called "Motion to Determine Status of Appeal" asking the court of appeals to inform him about the status of his appeal and of Attorney Joset's representation of him. J.R. asked the court of appeals to order Attorney Joset to file a no-merit report and to send J.R. copies of the circuit court file and all transcripts.

¶ 16. On April 14, 2004, the court of appeals issued an order saying that the circuit court records did not show an order had been entered memorializing J.R.'s postconviction motion hearing or that a transcript of the hearing had been prepared. The court of appeals ordered that no later than April 30, 2004, Attorney Joset was to submit a proposed order to the circuit court denying the postconviction motion that was decided in September of 2003. The court also ordered her to timely file a notice of appeal and a no-merit report.

¶ 17. On June 21, 2004, the court of appeals received a letter from J.R. asking what had happened in his case. On June 24, 2004, the court of appeals issued an order saying that Attorney Joset had not submitted a proposed order to the circuit court. The court of appeals ordered Attorney Joset to take action or face a $25 per day penalty for each day after July 2, 2004, that she failed to comply with the court's order. On July 15, 2004, the court of appeals issued an order saying that Attorney Joset had failed to comply with the court's orders of April 14 and June 24 and ordering her to appear before the presiding judge to answer for her noncompliance. The order stated that Attorney Joset

11

owed an accrued fine of $200 and that she could avoid appearing if she submitted a postconviction order to the circuit court and paid the accrued fine to the court of appeals, with both actions to be taken no later than July 23, 2004. The court of appeals sent the OLR a copy of its July 15 order.

¶ 18.  On July 27, 2004, the court of appeals received a letter from Attorney Joset in which she enclosed the $200 payment and said she had filed the required postconviction order with the circuit court. On July 28, 2004, the court of appeals issued an order saying Attorney Joset had not complied with the court's July 15 order because neither the fine nor the submission to the circuit court had reached them by July 23. The court further ordered Attorney Joset to turn over her case file to the SPD no later than August 11.

¶ 19.  On July 30, 2004, the Ozaukee County clerk of court received a letter from Attorney Joset dated July 23 enclosing a proposed order relating to the postconviction motion hearings that concluded in mid-September 2003. On August 4 the circuit court entered an order denying the postconviction motions.

¶ 20.  Between late October 2004 and mid-March 2005 the OLR sent repeated letters to Attorney Joset asking for information about the J.R. case and also requesting information about her medical condition and her law practice. While Attorney Joset provided some information, she failed to follow up with the OLR and never provided her file for J.R.'s case.

¶ 21.  The OLR's complaint alleged the following counts of misconduct with respect to Attorney Joset's representation of J.R.:

- By failing to advance J.R.'s appeal or file a no-merit report, and by failing to prepare a required

order denying the postconviction motion or to respond to orders from the court of appeals, Attorney Joset failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.

- By failing to inform J.R. of the status of his case while requesting and receiving four extensions from the court of appeals to file a notice of appeal or postconviction motions, and by failing to inform or respond to J.R. between September 2003 and February 2004, Attorney Joset failed to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a).

- By failing to comply with court of appeals' orders that were issued on April 14, 2004, June 24, 2004, and July 15, 2004, Attorney Joset knowingly disobeyed an obligation under the rules of a tribunal, in violation of SCR 20:3.4(c).[5]

- By failing to respond to OLR's December 28, 2004, letter requesting her case file in the J.R. matter and failing to respond to OLR's March 11, 2005, follow-up letter, Attorney Joset failed to provide relevant information, to answer questions fully, or to furnish documents, in violation of SCR 22.03(6), actionable through SCR 20:8.4(f).

¶ 22. The final client matter detailed in the OLR's complaint involved Attorney Joset's representation of J.M., who was sentenced in Milwaukee County circuit court to 30 years in prison and five years extended supervision following his conviction of two felony

---

[5] Former SCR 20:3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists; . . . ."

counts. Attorney Joset was appointed as J.M.'s appellate counsel on or about August 6, 2002. Attorney Joset filed a motion for postconviction relief which was denied by the circuit court on February 18, 2003.

¶ 23. On March 11, 2003, Attorney Joset filed a notice of appeal. She later filed a statement on transcript. On June 3, 2003, the court of appeals issued a notice of delinquency in regard to the filing of J.M.'s brief. Attorney Joset filed a motion to extend the time to file the brief, and the court of appeals extended the deadline to July 7. On July 3, 2003, Attorney Joset filed another motion to extend the time to file J.M.'s brief and she eventually filed it on July 8. The court of appeals deemed it timely filed. The state filed its responsive brief on August 6, 2003. Attorney Joset did not file a reply brief. Attorney Joset never informed J.M. she filed a brief on his behalf or that the state filed a response brief.

¶ 24. On January 25, 2004, J.M. wrote to the clerk of the court of appeals asking if Attorney Joset or the state had filed briefs and when. The clerk responded. On April 20, 2004, the court of appeals issued a summary disposition order affirming J.M.'s judgment of conviction and also affirming the denial of his postconviction motion. Attorney Joset did not inform J.M. of the court of appeals' order. On May 20, 2004, Attorney Joset filed a petition for review. Her cover letter indicated she had sent copies of the petition to appellate counsel for the state and to J.M. On May 21, 2004, J.M. wrote to the clerk of the court of appeals complaining of poor communication with Attorney Joset and asking if she had filed a petition for review. The clerk responded. On June 2, 2004, appellate counsel for the state filed an affidavit of no service saying the petition for review had never been served on the attorney general. This court denied the petition for review on September 16, 2004. J.M. did

14

not learn of the court's decision until February 14, 2005, when he again called the clerk's office.

¶ 25. J.M. subsequently filed a grievance against Attorney Joset with the OLR. The OLR mailed Attorney Joset a copy of J.M.'s grievance and sent various follow-up letters. Attorney Joset failed to respond. On December 6, 2005, Attorney Joset was ordered to show cause why her license should not be temporarily suspended for her failure to cooperate with the OLR's investigation of the J.M. matter. Attorney Joset did not respond, and on January 20, 2006, this court issued an order temporarily suspending her license to practice law in Wisconsin.

¶ 26. The OLR's complaint alleged the following counts of misconduct with respect to Attorney Joset's representation of J.M.:

 - By failing to inform J.M. of case developments, including that Attorney Joset had filed a brief with the court of appeals on July 8, 2003, that she had not filed a reply brief, and that she had filed a petition for review on May 20, 2004, Attorney Joset failed to keep a client reasonably informed about the status of a matter, in violation of SCR 20:1.4(a).

 - By failing to timely file a written response to OLR's investigative letters dated April 13, 2005, May 19, 2005, and June 17, 2005, Attorney Joset failed to fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within twenty days after being served by ordinary mail with OLR's request for a response, and failed thereafter to timely respond to OLR's investigative efforts, and thus failed to cooperate with an OLR investigation, in violation of SCR 22.03(2), actionable pursuant to SCR 20:8.4(f).

 - By failing to respond to OLR's investigative letter dated September 25, 2005, or to this court's order to show cause why her license should not be suspended

15

for failing to cooperate in OLR's investigation in the J.M. matter, Attorney Joset willfully failed to provide relevant information and to answer questions fully, or to furnish documentation, and thus failed to cooperate with an OLR investigation, in violation of SCR 22.03(6), actionable pursuant to SCR 20:8.4(f).

¶ 27.  Attorney Joset never filed an answer to the OLR's complaint. Curry First was appointed referee in the matter. On May 21, 2007, the OLR filed a notice of motion and motion for default judgment. The OLR also filed a memorandum regarding sanctions and asked the referee to recommend that Attorney Joset's license to practice law be suspended for six months. The OLR pointed out that the case involved a number of aggravating factors. These included a pattern of misconduct, multiple offenses, intentionally failing to comply with rules or orders of the OLR, the vulnerability of the victims, since all were incarcerated individuals, harm to clients due to the delay in processing their cases, and Attorney Joset's substantial experience, since she had practiced law for ten years. The OLR noted the case also presented a number of mitigating factors including the absence of a prior disciplinary record, absence of a dishonest or selfish motive, possible personal or emotional problems, and the fact that the OLR's district committee investigator opined that Attorney Joset's misconduct was atypical of her usual character.

¶ 28.  The OLR said if Attorney Joset's license were suspended for a shorter period of time than six months there was no assurance she would be fit to resume practice since her communications with the OLR were sporadic at best, and in order to protect the public a six-month suspension would require her to affirmatively prove her fitness to practice law by successfully petitioning for reinstatement. The OLR also noted that in May of

16

2005 Attorney Joset had indicated she was finishing up on a limited number of cases and intended to leave the practice of law for a while in order to get some health issues resolved. The OLR said its more recent information was that Attorney Joset was actively teaching multiple courses at a local college relative to their paralegal degree program.

¶ 29. The referee's report and recommendation were filed on January 29, 2008. The referee granted the OLR's motion for default judgment and found that all of the allegations alleged in the OLR's complaint had been proven. The referee further agreed with the OLR's request for a six-month license suspension and recommended that Attorney Joset pay the costs of this proceeding.

¶ 30. This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Eisenberg,* 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. The referee's findings of fact have not been shown to be clearly erroneous, and we adopt them. We also agree with the referee's conclusions of law. We further agree with the referee's recommendation for a six-month suspension of Attorney Joset's license to practice law in Wisconsin. Finally, we agree with the referee's recommendation that Attorney Joset be required to pay the costs of this proceeding.

¶ 31. IT IS ORDERED that the license of Jennelle London Joset to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

17

¶ 32.   IT IS FURTHER ORDERED that within 60 days of the date of this order, Jennelle London Joset pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Jennelle London Joset to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 33.   IT IS FURTHER ORDERED that, to the extent she has not already done so, Jennelle London Joset comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

18