# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP2416-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Jesse Jon Johansen, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| |       Complainant, |
| |    v. |
| | Jesse Jon Johansen, |
| |       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST JOHANSEN

| | |
|---|---|
| OPINION FILED: | April 9, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2018AP2416-D

STATE OF WISCONSIN　　　　　　　　　　:　　　IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Jesse Jon Johansen, Attorney at Law:**

**Office of Lawyer Regulation,**

　　　　　　**Complainant,**

　　**v.**

**Jesse Jon Johansen,**

　　　　　　**Respondent.**

**FILED**

**APR 9, 2020**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license suspended.*

¶1　PER CURIAM.　We review the report of Referee Robert E. Kinney recommending that the court suspend Attorney Jesse J. Johansen's license to practice law in Wisconsin for six months. The referee also recommends that Attorney Johansen make restitution and that he be ordered to pay the full costs of this disciplinary proceeding, which are $5,253.95 as of December 23, 2019.　The referee issued his report after Attorney Johansen and the Office of Lawyer Regulation (OLR) entered into a stipulation whereby Attorney Johansen admitted to 18 counts of misconduct

arising out of four client matters. Neither party has appealed from the referee's report and recommendation, and we review the matter under Supreme Court Rule (SCR) 22.17(2).

¶2 After careful review of the matter, we agree that Attorney Johansen's professional misconduct warrants a six-month suspension. We also agree that Attorney Johansen should bear the full costs of this proceeding and that he should pay restitution.

¶3 Attorney Johansen was admitted to practice law in Wisconsin in 2008. His address listed with the State Bar of Wisconsin is in Superior, Wisconsin. He has no prior disciplinary history.

¶4 On October 9, 2018, Attorney Johansen's license to practice law in Wisconsin was suspended pursuant to SCR 22.03(4) for his willful failure to cooperate with the OLR's grievance investigation. On October 31, 2018, the State Bar of Wisconsin suspended Attorney Johansen's law license for failure to pay State Bar dues and failure to certify trust account information. On June 5, 2019, Attorney Johansen's law license was suspended for failure to comply with continuing legal education requirements. His law license remains suspended.

¶5 On December 20, 2018, the OLR filed a complaint against Attorney Johansen alleging nine counts of misconduct. Attorney Johansen did not file an answer to the complaint. The referee was appointed on April 1, 2019.

¶6 On June 27, 2019, the OLR filed an amended complaint adding an additional nine counts of misconduct. Attorney Johansen did not file an answer to the amended complaint. At a scheduling

2

conference in August 2019, Attorney Johansen indicated he would not be contesting the allegations contained in the amended complaint but that he would be contesting the OLR's request for a six-month license suspension, as well as the request for restitution on behalf of some of his former clients.

¶7 At a hearing on October 17, 2019, the parties presented a stipulation whereby Attorney Johansen pled no contest to all 18 counts of misconduct alleged in the amended complaint.

¶8 The referee issued his report and recommendation on December 11, 2019. Based on the stipulated facts in the amended complaint, the referee found that there was a factual basis to find that the OLR satisfied its burden of proof with respect to all of the counts of misconduct alleged in the amended complaint.

¶9 The first nine counts of misconduct alleged in the amended complaint arose out of trust account violations that occurred during the course of Attorney Johansen's representation of E.K. An overdraft notice from National Bank of Commerce in Superior, Wisconsin, concerning Attorney Johansen's trust account prompted an OLR investigation. The investigation showed that in August 2014, Attorney Johansen began representing E.K. in a personal injury case. Attorney Johansen failed to reduce the contingent fee agreement to writing.

¶10 On October 4, 2016, there was a zero balance in Attorney Johansen's trust account. Attorney Johansen settled E.K.'s case for $7,500 but failed to provide E.K. with written notice that the funds had been received. Attorney Johansen gave E.K. $1,000. On October 5, 2016, Attorney Johansen deposited $6,500 into his trust

3

account from the settlement proceeds. The only funds in the trust account at that time were attributable to E.K.

¶11 E.K. had instructed Attorney Johansen to remit the net proceeds of the settlement to Attorney Richard Gondik after Attorney Johansen's fees and costs were paid in order to pay attorney fees owed to Attorney Gondik in an unrelated matter. Attorney Johansen's one-third contingent fee was $2,500, and he claimed an additional $1,250 in costs. Attorney Johansen was therefore potentially owed a total of $3,750, leaving net proceeds of $2,750 to be paid to Attorney Gondik.

¶12 Between October 6 and October 11, 2016, Attorney Johansen made four separate cash withdrawals totaling $3,750 from his trust account. Attorney Johansen asserted this payment was for his fees and expenses. He maintained no records showing the specifics of the withdrawals and failed to maintain any required trust account records.

¶13 Attorney Johansen did not promptly distribute $2,750, or any other amount, to Attorney Gondik from the settlement proceeds held in trust. On October 17, 2016, Attorney Johansen improperly deposited $2,350 of earned fees into his trust account via a check from the State of Wisconsin.

¶14 Between October 17 and October 24, 2016, Attorney Johansen made five separate cash withdrawals from his trust account totaling $2,100, leaving a balance of $3,000 in the account. Attorney Johansen maintained no records showing the specifics of those withdrawals.

4

¶15 On October 27, 2016, Attorney Johansen improperly made a $1,650 cash deposit into the trust account, and then proceeded to make four separate cash withdrawals totaling $3,250. As of that date, the balance in the trust account was $1,400; the $2,750 owed to Attorney Gondik had not been paid; and Attorney Johansen had drawn down the trust account balance to less than the amount that should have been held from the E.K. settlement.

¶16 On November 16, 2016, Attorney Johansen improperly deposited additional earned fees via a check from the state public defender into his trust account. After receiving cash back, that left a trust account balance of $2,550.

¶17 In February 2017, Attorney Johansen gave Attorney Gondik a cashier's check for $2,500. The distribution to Attorney Gondik should have been made with a trust account check.

¶18 Attorney Johansen did not provide E.K. with a written accounting of the final distribution of the settlement proceeds from his trust account.

¶19 On May 31, 2018, the OLR sent Attorney Johansen a letter, via first class and certified mail, requesting supplemental written information regarding his trust account. The first class letter was not returned as undeliverable. The receipt for the certified letter was returned to the OLR on June 12, 2018, with an illegible signature and was undated. Attorney Johansen failed to respond to the OLR's letter.

¶20 The OLR filed a motion with this court requesting that Attorney Johansen show cause why his law license should not be temporarily suspended for his failure to cooperate in the OLR's

investigation. Attorney Johansen did not respond. On October 9, 2018, this court suspended Attorney Johansen's license to practice law in Wisconsin.

¶21 The amended complaint alleged the following counts of misconduct with respect to Attorney Johansen's representation of E.K. and the trust account violations:

**Count 1:** By failing to reduce the contingent fee agreement with E.K. to writing, Attorney Johansen violated SCR 20:1.5(c).[1]

**Count 2:** By failing to notify E.K. in writing upon his receipt of settlement proceeds from the personal injury matter and by failing to promptly disburse funds held in trust to Attorney Gondik pursuant to E.K.'s direction, in each instance, Attorney Johansen violated SCR 20:1.15(e)(1).[2]

---

[1] SCR 20:1.5(c) provides:

A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by par. (d) or other law. A contingent fee agreement shall be in a writing signed by the client, and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and if there is a recovery, showing the remittance to the client and the method of its determination.

[2] SCR 20:1.15(e)(1) provides:

**Count 3:** By failing to provide E.K. a written accounting of funds held in his trust account upon final distribution, Attorney Johansen violated SCR 20:1.15(e)(2).[3]

**Count 4:** By failing to hold in his trust account E.K.'s settlement funds which E.K. had directed to be paid to attorney Gondik, Attorney Johansen violated SCR 20:1.15(b)(1).[4]

**Count 5:** By drawing down his trust account balance below the amount he should have been holding from the E.K. settlement, Attorney Johansen violated SCR 20:8.4(c).[5]

---

Upon receiving funds or other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

[3] SCR 20:1.15(e)(2) provides: "Upon final distribution of any trust property or upon request by the client or a 3rd party having an ownership interest in the property, the lawyer shall promptly render a full written accounting regarding the property."

[4] SCR 20:1.15(b)(1) provides:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[5] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

7

**Count 6:** By depositing earned fees into his trust account, Attorney Johansen violated SCR 20:1.15(b)(3).[6]

**Count 7:** By making cash withdrawals from his trust account, Attorney Johansen violated SCR 20:1.15(f)(2)(a).[7]

**Count 8:** By failing to maintain complete records of trust account funds, Attorney Johansen violated SCR 20:1.15(g)(1).[8]

---

[6] SCR 20:1.15(b)(3) provides:

No funds belonging to a lawyer or law firm, except funds reasonably sufficient to pay monthly account service charges, may be deposited or retained in a trust account. Each lawyer or law firm that receives trust funds shall maintain at least one draft account, other than the trust account, for funds received and disbursed other than in a trust capacity, which shall be entitled "Business Account," "Office Account," "Operating Account," or words of similar import.

[7] SCR 20:1.15(f)(2)(a) provides: "No withdrawal of cash shall be made from a trust account or from a deposit to a trust account. No check shall be made payable to 'Cash.' No withdrawal shall be made from a trust account by automated teller or cash dispensing machine."

[8] SCR 20:1.15(g)(1) provides:

A lawyer shall maintain and preserve complete records of trust account funds, all deposits and disbursements, and other trust property and shall preserve those records for at least six years after the date of termination of the representation. Electronic records shall be backed up by an appropriate storage device. The office of lawyer regulation shall publish guidelines for trust account record keeping.

**Count 9:** By willfully failing to respond to the OLR's request for additional information, Attorney Johansen violated SCR 22.03(6),[9] enforceable via SCR 20:8.4(h).[10]

¶22 The second matter detailed in the OLR's amended complaint involved Attorney Johansen's representation of J.J.  In February 2018, J.J. paid Attorney Johansen an advanced fee of $1,500 to represent her in a divorce matter in Douglas County.

¶23  On March 6, 8, and 9, 2018, J.J. sent Attorney Johansen text messages asking if the divorce action had been filed and asking for information about service.  Attorney Johansen failed to respond until March 14, 2018.  J.J. again texted Attorney Johansen about the case on March 14, 15, and 16, 2018.

¶24  On or about March 19, 2018, J.J. fired Attorney Johansen and requested that he return her advanced fee.  She renewed her request on April 19, 2018.  Attorney Johansen did not comply.

¶25  On July 13, 2018, J.J. filed a small claims action against Attorney Johansen seeking $1,500 for the advanced fee.  She obtained a default judgment against him on August 2, 2018.  The court ordered Attorney Johansen to file a financial disclosure statement.  He failed to timely do so.

---

[9] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[10] SCR 20:8.4(h) provides:  "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

¶26 On August 21, 2018, J.J. filed a motion for contempt due to Attorney Johansen's failure to file the financial disclosure statement. A hearing was held on the motion on September 5, 2018. Attorney Johansen failed to appear, was found in contempt, and an arrest warrant was issued. Attorney Johansen thereafter filed the financial disclosure statement.

¶27 J.J. filed a grievance against Attorney Johansen with the OLR. On December 14, 2018, the OLR sent a letter to Attorney Johansen by certified mail requesting a written response to the grievance. Attorney Johansen signed the certified mail receipt but failed to respond to the request for information.

¶28 The OLR sent Attorney Johansen a second letter requesting a response to J.J.'s grievance on January 9, 2019. Attorney Johansen did not respond. After learning that Attorney Johansen had moved to a new address without notifying the State Bar of Wisconsin, the OLR sent a letter to the new address. Attorney Johansen did not respond.

¶29 On May 8, 2019, the Wisconsin Lawyers' Fund for Client Protection approved payment of $1,500 to J.J.

¶30 The OLR's amended complaint alleged the following counts of misconduct with respect to Attorney Johansen's representation of J.J.:

**Count 10:** By failing to refund J.J.'s advanced fee after his representation was terminated, Attorney Johansen violated SCR 20:1.16(d).[11]

---

[11] SCR 20:1.16(d) provides:

**Count 11:** By failing to timely file his financial disclosure statement and appear for the contempt hearing pursuant to the circuit court's orders, Attorney Johansen violated SCR 20:3.4(c).[12]

**Count 12:** By willfully failing to provide the OLR a response to J.J.'s grievance, Attorney Johansen violated SCR 22.03(2)[13] and SCR 22.03(6), enforceable via SCR 20:8.4(h).

¶31 The next client matter detailed in the OLR's amended complaint involved Attorney Johansen's representation of N.N. In August 2018, E.V. paid Attorney Johansen an advanced fee of $2,000 to represent N.N., her nephew, in a criminal matter in Douglas

---

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[12] SCR 20:3.4(c) provides: "A lawyer shall not knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

[13] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

11

County. Attorney Johansen neither memorialized the terms, scope, and fees in a written fee agreement, nor did he communicate the purpose and effect of the advanced fee in writing to E.V.

¶32 Attorney Johansen made one appearance in court in N.N.'s case on September 24, 2018 for a status conference. On October 9, 2018, Attorney Johansen's license to practice law in Wisconsin was suspended for his willful failure to cooperate with the OLR's grievance investigation. Attorney Johansen made no further appearances in N.N.'s case.

¶33 In October 2018, Attorney Johansen promised to refund the advanced fee to E.V. To date, he has not refunded any portion of it.

¶34 In December 2018 and January 2019, the OLR sent Attorney Johansen letters asking him to respond to the grievance filed by E.V. He failed to respond.

¶35 The amended complaint alleged the following counts of misconduct with respect to Attorney Johansen's representation of N.N. and retainer by E.V.:

> **Count 13:** By failing to have a written fee agreement memorializing the terms, scope, and fees for representation, and by failing to communicate in writing the purpose and effect of the advanced fee for representation in a matter where the total cost of representation exceeded $1,000, Attorney Johansen violated SCR 20:1.5(b)(1) and SCR 20:1.5(b)(2).[14]

---

[14] SCR 20:1.5(b)(1) and (2) provides:

    (1) The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after

**Count 14:** By failing to refund any portion of E.V.'s advanced fee, Attorney Johansen violated SCR 20:1.16(d).

**Count 15:** By willfully failing to provide the OLR a response to E.V.'s grievance, Attorney Johansen violated SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h).

¶36 The final matter detailed in the amended complaint involved Attorney Johansen's representation of I.G. In August 2018, I.G. paid Attorney Johansen an advanced fee of $750 to represent him in a criminal matter in Douglas County. I.G.'s girlfriend paid Attorney Johansen an additional $150 for the representation.

¶37 On September 5, 2018, Attorney Johansen appeared in court with I.G. for a motion hearing. On October 9, 2018, Attorney Johansen's license to practice law in Wisconsin was suspended. Attorney Johansen made no further appearances on behalf of I.G.

¶38 Attorney Johansen failed to inform I.G. of his license suspension, that he could no longer represent him, and that I.G. should seek new counsel. Attorney Johansen did not refund any portion of I.G.'s advanced fee.

---

commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate as in the past. If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.

(2) If the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee that is paid to the lawyer shall be communicated in writing.

¶39 In January and February, 2019, the OLR sent Attorney Johansen letters requesting a written response to I.G.'s grievance. Attorney Johansen failed to respond.

¶40 The amended complaint alleged the following counts of misconduct with respect to Attorney Johansen's representation of I.G.:

**Count 16:** By failing to notify I.G. that his Wisconsin law license had been suspended, that he could no longer represent him, and that I.G. should seek new counsel, Attorney Johansen violated SCR 22.26(1)(a) and (b),[15] enforceable via SCR 20:8.4(f).[16]

**Count 17:** By failing to refund any portion of I.G.'s advanced fee, Attorney Johansen violated SCR 20:1.16(d).

**Count 18:** By willfully failing to provide the OLR a response to I.G.'s grievance, Attorney Johansen violated SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h).

¶41 In the stipulation, the parties agreed that the issue of the appropriate level of discipline to be imposed for Attorney

---

[15] SCR 22.26(1)(a) and (b) provides:

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

[16] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

14

Johansen's misconduct would be addressed at a sanction hearing. The hearing was held on October 17, 2019. The OLR sought a six-month license suspension, which would require Attorney Johansen to demonstrate that he is fit to be consulted by others, to represent them and to otherwise act in matters of trust and confidence, and aid the administration of justice. Attorney Johansen requested a shorter suspension.

¶42 The referee concluded that a six-month license suspension was appropriate. The referee noted that from early in the OLR's investigation, Attorney Johansen showed a pattern of failing to respond to the OLR's inquiries, eventually leading to the suspension of Attorney Johansen's license to practice law due to his non-cooperation.

¶43 The referee noted that at the sanction hearing, Attorney Johansen testified he had sustained a back injury while in the Marines and had developed an addiction to opioids, which he has struggled with for 20 years. The referee noted, however, that Attorney Johansen produced no medical or military records and when asked if he had ever applied for benefits due to a service related disability, he said he had not done so but might explore doing so in the future because his back problem was getting worse.

¶44 The referee noted that Attorney Johansen indicated that on two occasions in the summer of 2019 he entered in-patient treatment at the Betty Ford Clinic in Minnesota. Attorney Johansen also said that he was not currently in any treatment for his addiction and when asked if he had any thought about establishing a treatment plan in the future he said, "I haven't thought about

15

it because it hasn't been an issue, but I suppose I had better because it is sometimes a lifetime struggle, and I know I have struggled with it for 20 years now."

¶45 The referee said the thrust of Attorney Johansen's defense was that, even though he has struggled with opioid addiction for 20 years, the referee should ignore that fact because none of the 18 counts of misconduct to which he admitted involved the purchase or use of illegal substances, nor was there a proven nexus between the violations and his drug use.

¶46 The referee also noted that although a number of the counts of misconduct involved violations of trust account rules, it was not clear whether Attorney Johansen understood the trust account rules, and he presented no evidence of attending any educational programs regarding trust accounts.

¶47 The referee said while it may be there was no direct connection between some of the counts in the amended complaint and Attorney Johansen's drug use, Attorney Johansen does admit that his lack of cooperation with the OLR's investigation, which is itself a violation of supreme court rules, was related to his drug abuse. The referee said Attorney Johansen did not appear to approach this case in a serious or professional manner; he failed to respond to important communications; he missed deadlines; and there was no indication he prepared for the sanctions hearing.

¶48 As to mitigating factors, the referee noted that Attorney Johansen has no prior disciplinary record, nor did there appear to be a dishonest or selfish motive underlying the violations. The referee said although chemical dependency is

16

listed as a possible mitigating factor under the American Bar Association guidelines, not enough time has transpired to conclude that Attorney Johansen has been successfully rehabilitated from his drug dependency given that he left treatment early on two occasions; failed to provide discharge summaries; failed to provide documentary evidence attesting to his present non-drug use; and failed to involve himself in follow-up treatment.

¶49 The referee said that this case calls out for a showing that Attorney Johansen is fit to be consulted by others, to represent them and to otherwise act in matters of trust and confidence, and to aid the administration of justice, which requires him to go through a formal reinstatement proceeding. The referee found this case somewhat similar to In re Disciplinary Proceedings Against Danielson, 2006 WI 33, 290 Wis. 2d 12, 712 N.W.2d 671 and In re Disciplinary Proceedings Against Joset, 2008 WI 41, 309 Wis. 2d 5, 748 N.W.2d 778. The referee noted both of those cases involved attorneys who abandoned their clients. Neither had prior discipline and the law licenses of both were suspended for six months.

¶50 The referee also recommended that Attorney Johansen be ordered to pay restitution of $250 to Attorney Richard Gondik; $1,500 to the Wisconsin Lawyers' Fund for Client Protection in the J.J. matter; $2,000 to E.V.; and $900 to I.G. In addition, the referee recommended that Attorney Johansen pay the full costs of this proceeding.

¶51 We will affirm a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo.

17

See <u>In re Disciplinary Proceedings Against Eisenberg</u>, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We may impose whatever sanction we see fit, regardless of the referee's recommendation. See <u>In re Disciplinary Proceedings Against Widule</u>, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶52 As noted, Attorney Johansen stipulated to all of the counts of misconduct. There is no showing that any of the referee's findings of fact, based on that stipulation, are clearly erroneous. Accordingly, we adopt them. We also agree with the referee's legal conclusions that Attorney Johansen violated all of the Supreme Court Rules noted above.

¶53 Turning to the issue of the appropriate sanction, we agree with the referee's conclusion that a six-month suspension is appropriate. Although no two cases are precisely the same, we do find <u>Joset</u> and <u>Danielson</u> to be somewhat analogous. As is our normal practice, we find it appropriate to impose the full costs of this proceeding on Attorney Johansen. We also find it appropriate to order Attorney Johansen to pay restitution in the amounts sought by the OLR.

¶54 IT IS ORDERED that the license of Jesse J. Johansen to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶55 IT IS FURTHER ORDERED that within 60 days of the date of this order, Jesse J. Johansen shall pay restitution as follows: $250 to Attorney Richard Gondik; $1,500 to the Wisconsin Lawyers' Fund for Client Protection in the J.J. matter; $2,000 to E.V.; and $900 to I.G.

18

¶56 IT IS FURTHER ORDERED that within 60 days of the date of this order, Jesse J. Johansen shall pay to the Office of Lawyer Regulation, the costs of this proceeding, which are $5,253.95 as of December 23, 2019.

¶57 IT IS FURTHER ORDERED that restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶58 IT IS FURTHER ORDERED, that to the extent that he has not already done so, Jesse J. Johansen shall comply with the provisions of SCR 22.26 regarding the duties of a person whose license to practice law in Wisconsin has been suspended.

¶59 IT IS FURTHER ORDERED that the temporary suspension of Jesse J. Johansen's license to practice law, entered on October 9, 2018, is hereby lifted.

¶60 IT IS FURTHER ORDERED that the administrative suspension of Jesse J. Johansen's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues, for failure to file Office of Lawyer Regulation trust account certification, and for noncompliance with continuing legal education requirements, will remain in effect until each reason for the administrative suspension has been rectified pursuant to SCR 22.28(1).

¶61 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(3).